```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


ROLA TARHAWI,                    )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )    1:14cv1028 (JCC/IDD)
                                 )
OCWEN LOAN SERVICING,            )
et al.,                          )
                                 )
     Defendants.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Ocwen Loan Servicing LLC's ("Ocwen") Motion to Dismiss [Dkt. 9] and Defendant McCabe, Weisberg & Conway LLC's ("McCabe") Motion to Dismiss [Dkt. 3].  For the reasons set forth below, the Court will grant both Defendants' motions.

### I. Background

In order to purchase their home in Sterling, Virginia (the "Property"), Rola Tarhawi ("Plaintiff") and her husband, Justin Dibbs, took out a loan for $315,000.00 as evidenced by a promissory note.  Repayment of the note was secured by the Property pursuant to a deed of trust.  (Notice of Removal [Dkt. 1], Ex. A, Compl. ¶ 7 [hereinafter "Compl."].)  The deed of trust named First Savings Mortgage Corporation ("First Savings")

1

as lender, Mortgage Electronic Registration Systems ("MERS") as beneficiary, and Larry F. Pratt as trustee. (*Id.* ¶ 4.)

The deed of trust[1] states:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) repayment of the Loan, and all renewals, extensions, and modification of the Note; and (ii) the performance of the Borrower's covenants and agreements under this Security Instrument and the Note.

(Notice of Removal, Ex. A., at 14.)[2]  It also states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

---

[1] In deciding a motion to dismiss, a court may look at documents incorporated into the complaint by reference "as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a district court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Moore v. Flagstar Bank*, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997). Therefore, the Court will consider the promissory note, the deed of trust, and complaints previously filed by Plaintiff's husband in actions in the Circuit Court of Loudon County that Ocwen attached to its Motion to Dismiss.

[2] Pagination is CM/ECF pagination.

(*Id.*) Per the deed of trust, Lender had the ability to freely transfer its security interest as well as appoint substitute trustees in its discretion. (*Id.* at 22, 24.)

On October 20, 2011, MERS executed an assignment of the deed of trust purporting to transfer its beneficial interest in the instrument to Deutsche Bank. (Compl. ¶ 13.) On June 7, 2013 Deutsche Bank executed a deed of appointment of substitute trustee appointing Surety as trustee. (*Id.* ¶ 4.) It is unclear from the complaint when Plaintiff began to fall behind in her payments, but the complaint acknowledges that the house was sold at a foreclosure auction on August 2, 2013. (*Id.* ¶ 20.)[3]

According to Defendants, this action represents the latest in a round of judicial challenges to the foreclosure of Plaintiff's home.[4] Plaintiff filed the instant action in the Circuit Court for Loudoun County on July 14, 2014 alleging three causes of action: a claim for declaratory relief against Ocwen to determine what, if any, rights Ocwen had in the foreclosed property ("Count 1"); quiet title to remove documents relating

---

[3] Defendants maintain that Deutsche Bank and Surety were the entities that foreclosed on the property. Ocwen's Mot. to Dismiss Mem. [Dkt. 10] at 15; McCabe's Mot. to Dismiss Mem. [Dkt. 4] at 9.
[4] Dibbs brought the previous actions contesting the foreclosure. Plaintiff was not formally named as a party in those suits. However, she and her husband were co-owners of the Property. (Ocwen's Mot. to Dismiss Mem. at 8.) Therefore, since Plaintiff would have benefitted to the same extent as Dibbs had Dibbs succeeded in the prior actions, those actions will be considered in deciding whether to move forward with Plaintiff's claim here. *See Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust*, 833 F. Supp. 2d 552, 558-59 (E.D. Va. 2011) (stating Virginia courts find privity when the parties "share a contractual relationship, owe some kind of legal duty to each other, or have another legal relationship such as co-ownership.").

3

to the foreclosure sale from the land records ("Count 2"); and a negligence claim against McCabe for failing to perform due diligence when Ocwen requested to proceed with foreclosure. (Compl. ¶¶ 43, 49, 54.) Pursuant to 28 U.S.C. § 1441, Ocwen removed the action to this court on the basis of both federal question and diversity jurisdiction. (Notice of Removal [Dkt. 1] at 1.)

McCabe filed its instant motion on August 12, 2014 with accompanying *Roseboro* notice [Dkt. 5] as required under Local Rule 7(K).[5] Ocwen filed its motion to dismiss, including a *Roseboro* notice, on August 18, 2014. Plaintiff's response to Ocwen was due September 5, 2014, and her response to McCabe was due September 11, 2014.[6] Plaintiff has not filed a response. Having been briefed, Defendants' motions are now before the Court.

## II. Standard of Review

Federal district courts are "vested with the inherent power to control and protect the administration of court proceedings." *Porter Hayden Co. v. Century Indem. Co.*, 939 F. Supp. 424, 429 (D. Md. 1996) (citing *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986)). "The authority to

---

[5] Notice requirements include notifying the *pro se* party that it has twenty-one days to file a response opposing the motion and that failure to do so could result in the Court's dismissal of the action on the basis of the moving party's papers. E.D. Va. Loc. R. 7(k).
[6] Plaintiff received an additional three days to respond under Federal Rule of Civil Procedure 6(d).

dismiss a party's case sua sponte is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993).

Additionally, Federal Rule of Civil Procedure 41(b) has been interpreted to vest authority in the district court to dismiss a case with prejudice, on its own motion, for failure to prosecute. *Link*, 370 U.S. at 630 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b)."); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). A dismissal with prejudice is a harsh sanction and is not invoked lightly in view of the "sound policy of deciding cases on their merits." *Davis*, 588 F. 2d at 70 (citations omitted) (internal quotation marks omitted). Courts are especially hesitant to dismiss a complaint with prejudice in cases brought by *pro se* plaintiffs. *Diamond v. Mohawk Indus., Inc.*, No. 6:12-cv-00057, 2014 WL 1404563, at *4 (W.D. Va. Apr. 10, 2014). Balanced against these policies are principles of sound judicial administration. In determining whether to dismiss a case under Rule 41(b), district courts should

5

consider: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Davis*, 588 F. 2d at 70 (citation omitted).

### III. Analysis

As noted earlier, Plaintiff has not filed a response. Thus, the issue in this case is whether dismissal with prejudice is appropriate under Rule 41(b) and the *Davis* factors. Turning to the first *Davis* factor, Plaintiff bears personal responsibility for failure to respond. Though she is not represented by counsel, she received not one, but two *Roseboro* notices in this case. These notices complied with the requirements of Local Rule 7(k), setting forth the time she had to respond and the potential penalties for failing to do so. There is no indication that service on Plaintiff has been ineffective. In fact, it appears from court filings that she has lived at the same address since August 2010. (*Compare* Ocwen's Mot. to Dismiss Mem. [Dkt. 10], Ex. A, at 1 *with* Compl.) Thus, it must be assumed that she received the notices and the filings. *See* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by mailing it to the person's last known address, in which event service is complete upon mailing.").

As to the second *Davis* factor, continuing to delay this case prejudices Defendants. This is not the first time that Plaintiff and her husband have tried to challenge the foreclosure of their home in court. There have been three previous attempts in state court to invalidate the foreclosure, naming a variety of defendants. (Ocwen's Mot. to Dismiss Mem. at 3-5; *see also* Ocwen's Mot. to Dismiss Mem., Ex. A-M.) The legal theories in all three cases have been considered and roundly rejected by many other courts for a number of reasons, not least because plaintiffs in those cases willingly signed contracts that agreed to the terms of the foreclosures. *See Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 695-96 (E.D. Va. 2010), *aff'd*, 441 F. App'x 166 (4th Cir. 2011); *Larota-Florez v. Goldman Sachs Mortg. Co.*, 719 F. Supp. 2d 636, 639 (E.D. Va. 2010), *aff'd,* 441 Fed. App'x 202 (4th Cir. 2011); *Horvath v. Bank of New York, N.A., et al.*, No. 1:09-cv-01129 (AJT/TCB), 2010 WL 538039, at *2 (E.D. Va. Jan. 29, 2010), *aff'd,* 641 F.3d 617 (4th Cir. 2011); *see also Wolf v. Fed. Nat'l Mortg. Assoc., et al.*, 830 F. Supp. 2d 153, 162 (W.D. Va. 2011) (collecting cases in other circuits).

Turning to the third *Davis* factor, this Court has no knowledge of the speed at which Plaintiff and Dibbs prosecuted previous actions, and Defendants' moving papers do not indicate whether Plaintiff has a history of delaying proceedings.

7

However, it should be noted that the first suit in this legal battle was filed on August 5, 2010.  (Ocwen's Mot. to Dimiss Mem. at 3.)  This has resulted in four years of unsuccessful and, quite frankly, wasteful litigation.

Finally, there are no less drastic sanctions than dismissal with prejudice.  Despite Virginia's non-judicial foreclosure laws and Plaintiff's signature on a contract agreeing to the transferability of the note and deed of trust, Plaintiff and her husband have already had several chances to attempt to invalidate the foreclosure.  Additional time to prosecute this case is not warranted on these facts.

## IV. Conclusion

For the reasons stated above, the Court will grant Defendants' Motions to Dismiss and dismiss this case with prejudice.  An appropriate order will follow.

|  | /s/ |
|---|---|
| September 18, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |